**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



October 29, 2025

LETTER TO COUNSEL

    RE:    *Diane K. v. Bisignano, Commissioner of the Social Security Administration*[1]
           Civil No. GLS-24-03631

Dear Counsel:

    Pending before this Court are briefs filed by Plaintiff Diane K. and the Social Security Administration and Plaintiff's Reply Brief. (ECF Nos. 12, 15, 16). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

    The Court must uphold the decision of the Social Security Administration ("SSA" or the "Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial-evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will reverse the Commissioner's decision in part and remand the case back to the SSA for further consideration.

**I.    BACKGROUND**

    Plaintiff filed a Title II application for a period of disability and disability insurance benefits on December 16, 2021. (Tr. 18, 208-14). In the application, the Plaintiff alleges that disability began on June 1, 2020 (later amended to June 14, 2020). (Tr. 18, 208-14, 277). The claim was initially denied on November 9, 2022, and upon reconsideration, denied again on February 28, 2023. (*Id.* at 18). On March 10, 2023, Plaintiff filed a written request for a hearing, which was granted. (*Id.*). An Administrative Law Judge ("ALJ") held a telephonic hearing on October 25, 2023. (*Id.* at 18, 59-87). The ALJ held a supplemental telephonic hearing on June

---

[1] On December 16, 2024, Plaintiff filed her case against Carolyn Colvin, then the Commissioner of Social Security. ECF 1. On May 7, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner Bisignano has been substituted as the Defendant in this case.

*Diane K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-24-03631
October 29, 2025
Page 2

12, 2024. (*Id.* at 39-57). On June 18, 2024, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act through September 30, 2020, the last date insured. (Tr. 15-36). On October 25, 2024, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated June 18, 2024, became the final and reviewable decision of the SSA. (Tr. 1-7). *See* 20 C.F.R. § 422.210(a).

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). *See, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations (the "Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (alteration in original) (quoting 20 C.F.R. § 416.945(a)(2)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam).

*Diane K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-24-03631
October 29, 2025
Page 3

    Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 20-32). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from June 14, 2020, the amended alleged onset date of Plaintiff's disability, through September 30, 2020. (Tr. 21). At step two, the ALJ found that, through the date last insured, Plaintiff suffered from the following severe impairments: lumbar disc disease with radiculopathy, status post lumbar decompression and fusion, cervical degenerative disc disease, major depressive disorder, and generalized anxiety disorder. (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28. (*Id.*). However, at step three the ALJ also determined that, through the date last insured, none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 21-24). Taking into account Plaintiff's severe impairments, the ALJ next assessed the Plaintiff's RFC. Despite Plaintiff's severe impairments, the ALJ determined that, through the date last insured, Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] was limited to lifting 20 pounds occasionally and 10 pounds frequently, and she was limited to carrying 20 pounds occasionally and 10 pounds frequently. [Plaintiff] was limited to sitting for 4 hours out of an 8-hour workday, standing for 4 hours out of an 8-hour workday, and walking for 4 hours out of an 8-hour workday. [Plaintiff] could push/pull as much as she could lift/carry. [Plaintiff] could operate foot controls with the right foot occasionally, and she could operate foot controls with the left foot occasionally. [Plaintiff] was limited to never reaching overhead to the left and never reaching overhead to the right. For all other reaching, she could reach occasionally to the left, and could reach occasionally to the right. She could handle items frequently with the left hand, and she could handle items frequently with the right hand. [Plaintiff] can finger frequently with the left hand, and she can finger frequently with the right hand. [Plaintiff] can feel frequently on the left, and she can feel frequently on the right. [Plaintiff] could never climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, or crawl. [Plaintiff] could occasionally climb ramps or stairs. [Plaintiff] could never work at unprotected heights, and she could work with moving mechanical parts occasionally. [Plaintiff] could operate a motor vehicle occasionally. [Plaintiff] could occasionally work in humidity and wetness, could frequently work in an environment with dust, odors, fumes and pulmonary irritants, extreme cold, and extreme heat. [Plaintiff] could occasionally work in vibration and in an area of loud noise. [Plaintiff] is able to perform simple and detailed but not complex tasks for periods of 2 hours at a time before needing a break to complete a normal workday/work week. [Plaintiff] is unable to

> perform high quota production rate pace work where workers must meet strict, hourly quotas. Time off task can be accommodated by normal breaks.

(Tr. 24). At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform any past relevant work. (*Id*. at 30). Before making a finding regarding step five, the ALJ conducted hearings on October 25, 2023, and June 12, 2024. (Tr. 30-32, 39-57, 59-87). At those hearings, a vocational expert ("VE") testified, relying upon the *Dictionary of Occupational Titles* and her own experience in the field of vocational rehabilitation. A VE on October 25, 2023, identified the Plaintiff's past relevant work: an informal waitress/bartender and demonstrator. (*Id.* at 30, 82-83). The ALJ asked the VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff, who was able to perform simple and detailed but not complex tasks before needing a break to complete a normal workday/work week and who was unable to perform high quota production rate pace work, would be able to perform Plaintiff's past relevant work as actually or generally performed. (Tr. 30, 84). The VE opined that the hypothetical individual would not be able to perform the past work as generally performed and as actually performed. (*Id.*).

The ALJ inquired about the performance of sedentary work. The ALJ asked the VE whether there exists other work that the hypothetical individual would be able to perform at the sedentary level. (Tr. 84-85). The VE opined that the hypothetical individual could perform other sedentary work existing in the national economy, e.g., as a document preparer, ticket checker, and eyeglass frame polisher. (*Id.* at 85).

At the supplemental hearing on June 12, 2024, the ALJ asked another VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff, with her RFC, could perform any work. (Tr. 48-49). The VE opined that the hypothetical individual could perform light work such as a furniture rental clerk, school bus monitor, or information clerk. (*Id.* at 31, 49-52). If an individual were only able to sit for one hour and then have to lie down for at least half an hour, the individual could not perform these jobs. (*Id.* at 56).

In regard to the hypothetical individual being off-task, the VE opined that any time off-task greater than 10% in an eight-hour workday would preclude the individual from employment. (Tr. 53, 86). Finally, the ALJ asked the VE about an employer's tolerance for absenteeism. (*Id.*). The VE opined that anything beyond one day a month would preclude a hypothetical individual from gainful employment. (Tr. 53-54, 86).

At step five, the ALJ ultimately determined that, through the date last insured, the Plaintiff was not disabled because she could perform work existing in significant numbers in the national economy, e.g., as a furniture rental clerk, school bus monitor, and information clerk, as the jobs were actually and generally performed based on the vocational expert's testimony on June 12, 2024. (Tr. 31-32, 49).

*Diane K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-24-03631
October 29, 2025
Page 5

### III.   DISCUSSION

On appeal to this Court, Plaintiff advances the following two arguments. First, that the ALJ erred by disregarding her subjective statements about her mental health based on their alleged inconsistency with the objective medical evidence in the record. Second, the ALJ erred by improperly evaluating whether Plaintiff's impairments met or equaled Listing 1.15. I find that Plaintiff's second argument is persuasive. Accordingly, I find that remand is appropriate, for the reasons set forth below.

Plaintiff argues that the ALJ erred at step three of the sequential evaluation by failing to evaluate properly whether Plaintiff's impairments met or equaled the criteria in Listing 1.15. (ECF No. 12, pp. 19-25.) Plaintiff contends that the ALJ failed to analyze whether her impairments met or equaled the alternative criteria under 1.15(D)(3). (*Id.* at 23). She maintains that the ALJ also failed to reconcile conflicting findings between the step-three determination under Listing 1.15(D)(3) and her RFC limitations in fine and gross motor functioning, as defined in 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(E)(4). (*Id.* at 23-25). Plaintiff argues that because she was precluded from performing overhead reaching, which is "above waist level," she was unable to independently initiate, sustain, and complete work-related activities involving fine and gross movements as defined in § 1.00(E)(4). (*Id.* at 24). In response, the SSA avers that the ALJ properly determined that Plaintiff did not meet or medically equal the criteria of Listing 1.15 because Plaintiff failed to demonstrate that she met all the requirements of the Listing. (ECF No. 15, pp. 12-18). The SSA also argues that the ALJ considered evidence related to Plaintiff's ability to use both her upper extremities to independently initiate, sustain, and complete work-related activities involving fine and gross movements, and determined that she could occasionally reach to the left and to the right, as well as frequently handle, finger, and feel with both hands. (*Id.* at 17). I find neither of the SSA's arguments persuasive.

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 404.1525, and 404.1526, at step three of the sequential evaluation process, an ALJ ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations (the "Listings").[2] According to 20 C.F.R. § 404.1525(c)(3), each section of the Listings specifies "the objective medical and other findings needed to satisfy the criteria of that listing." For a claimant's impairment to meet a section of the Listings, it must "satisf[y] all of the criteria [set forth in that listing]." 20 C.F.R. § 404.1525(c)(3). Alternatively, if a claimant's impairment does not meet the criteria of a listing, "it can medically equal the criteria of a listing." *Id.* § 404.1525(c)(5); *see id.* § 404.1526.

In *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015) (per curiam), the ALJ at step three found that none of the claimant's severe impairments met or equaled any criteria in any part of the Listings. The ALJ also summarily opined that none of the evidence "show[ed] medical findings that are the same or equivalent to those of any . . . of [the Listings]," and that the ALJ had

---

[2] Pursuant to 20 C.F.R. § 404.1525(a), the Listings "describ[e] for each of the major body systems impairments that [the Agency] consider[s] to be severe enough to prevent an individual from doing any gainful activity."

Case 1:24-cv-03631-GLS   Document 17   Filed 10/29/25   Page 6 of 8

*Diane K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-24-03631
October 29, 2025
Page 6

"considered, in particular, sections 9.00(B)(5) and 11.14." 632 F. App'x at 754-55. The Fourth Circuit reversed the district court's judgment finding that substantial evidence supported the ALJ's decision. Specifically, the *Fox* court found the ALJ's analysis to be defective because it was based on "conclusory statements" rather than "[a] 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). In addition, the *Fox* court did not find that the ALJ's failure constituted harmless error despite evidence in the record to support the notion that the claimant's impairments did not meet a listing. The Fourth Circuit made clear that it is not a reviewing court's province to analyze the evidence like an ALJ, nor should the court "speculate as to how the ALJ applied the law to [the] findings." *Id.* Rather, the ALJ must explain the evidence analyzed and how that translates into a claimant's failure to meet a specifically identified listing. *Id.* Thus, per *Fox*, an ALJ's finding that a claimant does not meet or equal a listing must include: (a) a specific discussion of the claimant's record evidence that was analyzed; and (b) a clear explanation of how the ALJ applied the pertinent listing criteria to that evidence. *See id.*

Listing 1.15 covers "[d]isorders of the skeletal spine resulting in compromise of a nerve root(s)." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.15. To meet or equal Listing 1.15, the claimant's impairment must be "documented by" the following: (A) radicular distribution of pain, paresthesia, or muscle fatigue; (B) radicular distribution of certain neurological signs; (C) findings on medical imaging of the cervical or lumbosacral spine; and (D) physical limitation of musculoskeletal functioning that has lasted or is expected to last for a continuous period of at least 12 months. *Id.* § 1.15(A)-(D). With respect to criterion D, "the claimant must provide 'medical documentation' establishing one of three scenarios." *Johnson v. Acting Comm'r of Soc. Sec.*, No. 24-11459, 2025 WL 671262, at *3 (11th Cir. Mar. 3, 2025) (per curiam) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.15(D)). Section D provides: "Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:"

> (1) A documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; or
>
> (2) An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements, and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or
>
> (3) *An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements*.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.15(D) (emphasis added) (citations omitted). In addition,

Case 1:24-cv-03631-GLS   Document 17   Filed 10/29/25   Page 7 of 8

*Diane K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-24-03631
October 29, 2025
Page 7

fine movements "involve use of your wrists, hands, and fingers; such movements include picking, pinching, manipulating, and fingering." *Id.* § 1.00(E)(4). With respect to gross movements, they "involve use of your shoulders, upper arms, forearms, and hands; such movements include handling, gripping, grasping, holding, turning, and reaching." *Id.* Such movements "also include exertional abilities such as lifting, carrying, pushing, and pulling." *Id.* The regulation includes examples of performing fine and gross movements: e.g., "taking care of personal hygiene, sorting and handling papers or files, and *placing files in a file cabinet at or above waist level*." *Id.* (emphasis added).

Here, the ALJ determined that Plaintiff did not meet the requirements of Listing 1.15 because "[t]he evidence of record does not establish a documented medical need for a walker, bilateral canes, bilateral crutches, or a wheeled and seated mobility device involving the use of both hands." (Tr. 22). The ALJ further found that "[t]here was no indication of any gait disturbances in July 2020." (*Id.*). According to Plaintiff, "[t]he ALJ cited no other evidence and provided no further elucidation of his reasoning." (ECF No. 12, p. 23). Plaintiff thus asserts that "the ALJ disposed of Listing 1.15 by solely addressing Paragraph D subparts (1) and (2) of this listing, while omitting any analysis or findings as to whether Plaintiff met or equaled the alternative criteria under Paragraph D(3)." (*Id.*). Plaintiff argues that this "materially incomplete" analysis of Listing 1.15 is insufficient to permit this Court to adequately review the ALJ's reasoning, as is required by *Fox*. According to Plaintiff, then, remand is required. (*Id.* at 23-25). Plaintiff further contends that the ALJ's determination that she was precluded from performing overhead reaching, which involves activity "above waist level," "confirm[s] that [she] does not have the ability to independently initiate, sustain, and complete work-related activities involving fine and gross movements." (*Id.* at 24).

I agree that, other than citing to the language of Listing 1.15(D)(3), the ALJ failed to adequately analyze the facts and apply them to the criteria of Listing 1.15(D)(3). (Tr. 22). Indeed, the ALJ's determination that Plaintiff is unable to reach overhead, (Tr. 24), is consistent with the Listing. A claimant meets Listing 1.15(D)(3) if he or she is unable to "independently initiate, sustain, and complete work-related activities involving fine and gross movements," which include activities "above waist level." 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.00(E)(4), 1.15(D)(3). Accordingly, the ALJ must explain, with factual support, why a medical listing has not been satisfied at step three of the sequential analysis. *Fox*, 632 F. App'x at 755. Because "it is not [the Court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record," the Court remands this case. *Id.*

The SSA contends that remand is not required because Plaintiff failed to demonstrate that she meets all the requirements for Listing 1.15. (ECF No. 15, pp. 12-17). But this argument ignores the ALJ's responsibility to explain adequately why Plaintiff's impairments do not satisfy all of the requirements of Listing 1.15. Therefore, because the ALJ failed to apply the requirements of Listing 1.15 to the medical evidence in his narrative discussion, remand is warranted.

*Diane K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-24-03631
October 29, 2025
Page 8

On remand, in light of the ALJ's decision to preclude Plaintiff from performing tasks that involve overhead reaching, the ALJ must explain whether Plaintiff meets the requirements of Listing 1.15(D)(3). *See Marion J. v. Kijakazi*, Civil No. BPG-21-1545, slip op. at 4 (D. Md. June 21, 2022) (remanding because court was unable to determine whether substantial evidence supported ALJ's finding that plaintiff did not meet requirements of Listing 1.02; ALJ failed to explain how preclusion of plaintiff from overhead work activity was consistent with ALJ's conclusion at step three that there was no evidence of plaintiff's inability to perform fine and gross movements effectively).

Because this case is being remanded on other grounds, this Court will not address Plaintiff's remaining contention that the ALJ erred by disregarding her subjective statements about her mental health based on their alleged inconsistency with the objective medical evidence in the record. (ECF No. 12, pp. 7-18). *See Nancy G. v. Kijakazi,* Civ. No. GLS 20-3440, 2022 WL 363824, at *5 (D. Md. Feb. 4, 2022).

## IV.     CONCLUSION

For the reasons set forth above, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge